

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2007

# USA v. Walker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4746

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"USA v. Walker" (2007). *2007 Decisions*. Paper 891.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/891

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4746

UNITED STATES OF AMERICA

v.

JAMES ENOS WALKER,

Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 01-cr-00397
District Judge: The Honorable Lawrence F. Stengel

Submitted Under Third Circuit LAR 34.1(a)
May 24, 2007

Before: BARRY, CHAGARES, and TASHIMA,[*] Circuit Judges

(Filed: June 25, 2007 )

OPINION

_____

[*] The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

TASHIMA, Circuit Judge

James Enos Walker timely appealed from an order revoking his supervised release and sentencing him to a term of imprisonment of six months, two years of supervised release, and restitution. Walker's counsel now moves to withdraw and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he represents that he has conscientiously examined the record and has found no non-frivolous issues to appeal. Counsel describes what in the record might arguably support the appeal, and explains why the issues are frivolous. Penson v. Ohio, 488 U.S. 75, 80 (1988); United States v. Youla, 241 F.3d 296, 299-300 (3d Cir. 2001). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.[1]

The instant violation proceeding was commenced with a petition filed by Walker's probation officer on September 1, 2005, alleging that Walker had violated the conditions of his supervised release by: (1) testing positive for the use of cocaine and admitting the use of cocaine; (2) failing to report to his probation officer; and (3) failing to participate in outpatient drug treatment. The District Court held a hearing on these allegations on October 19, 2005, and Walker did not contest them. Instead, Walker took the stand and admitted the violations (except that he did not recall whether or not he told his probation

---

[1]  Although counsel served Walker with copies of the Brief for Appellant, the appendix, and counsel's motion to withdraw, and Walker was given time to file a pro se brief, Walker did not submit any brief to the Court or file any opposition to the motion to withdraw. The United States submitted a brief indicating its agreement with counsel's assessment of the case as lacking any non-frivolous issues to appeal.

officer that he had used cocaine), simply offering reasons why he had failed to report to his probation officer and to participate in drug treatment, as charged. Finding Walker in violation of his supervised release for using cocaine, failing to report, and failing to complete outpatient drug treatment, the District Court revoked his supervised release and imposed the sentence recounted above. In his brief, counsel discusses the District Court's authority pursuant to 18 U.S.C. § 3583(e) to revoke Walker's term of supervised release upon finding by a preponderance of the evidence that Walker violated a condition thereof; the procedural protections Walker was afforded under Fed. R. Crim. P. 32.1; the satisfaction of due process requirements; the sufficiency of the evidence; and the propriety of the sentence imposed.

Having reviewed the record, we agree that Walker has no non-frivolous issues to appeal, and conclude that counsel has satisfied his obligations under Anders. Accordingly, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.[2]

---

[2] The issues presented in the appeal do not require counsel to file a petition for writ of certiorari in the Supreme Court. See 3d Cir. LAR Misc. 109.2(b).